JOURNAL ENTRY and OPINION
{¶ 1} Appellant Donnell Trammer appeals his convictions for possession of drugs and criminal tools. Trammer assigns the following three errors for our review:
"I. Failure to attempt to suppress the evidence constitutes ineffective assistance of counsel."
"II. The trial court erred in denying defendant-appellant's motion for acquittal as the conviction is based upon insufficient evidence."
"III. The conviction of defendant-appellant is against the manifest weight of the evidence."
 {¶ 2} Having reviewed the record and requisite law, we affirm Trammer's convictions. The apposite facts follow.
 THE ODOR OF MARIJUANA {¶ 3} The Cuyahoga County Grand Jury indicted Trammer for possession of drugs, drug trafficking, and possession of criminal tools. Thereafter, a jury convicted Trammer on the drug possession and criminal tools counts, but not on the drug trafficking charge.
 {¶ 4} While proceeding westbound down Lenacrave Avenue near East 126th Street in Cleveland, officers Michael Shay and his partner, Joseph Sedlac, observed a vehicle stopped in the middle of the street, impeding the flow of traffic. Pedestrians were standing around the vehicle; two vehicles had to drive around the vehicle in order to pass by.
 {¶ 5} Officer Shay activated his lights and siren, and Trammer drove his car into a nearby driveway. As the officers approached the car, they immediately noticed a strong odor of marijuana. At that point, Officer Shay ordered Trammer out of the car. Trammer appeared excited and nervous. He told the officer that he did not have any drugs and offered to show the officer his driver's license and insurance card. Officer Shay patted Trammer down for weapons prior to placing him in the back of the patrol car. He then ran a computer check to verify if any outstanding warrants were issued for Trammer or his passenger, Bernard Price. The computer search indicated the vehicle belonged to Trammer and that he had no outstanding warrants.
 {¶ 6} While Officer Shay dealt with Trammer, Officer Sedlac ordered Price to place his hands on the dashboard and remain seated. While still seated in the car, Price turned to Officer Shay and told him that he had a bag of "weed," which he retrieved from his pants pocket and gave to the officer. Officer Sedlac ordered Price out of the car. While conducting a pat-down search for weapons, the officer discovered a large bulge in Price's left pants pocket. Price told the officer that he "got him" and that he had another bag of weed. The officer retrieved the second bag and placed Price under arrest. Price was placed in the back of the squad car with Trammer.
 {¶ 7} Officer Shay then proceeded to conduct an search of the car. He retrieved three bags of cocaine, which were pushed down between the passenger seat and the center console of the car. The total weight of the cocaine was 7.03 grams and was estimated to have the street value of between $500 and $1,000. $500 was confiscated from Trammer.
 {¶ 8} The jury found Trammer not guilty of drug trafficking, but guilty of possession of drugs and criminal tools. The trial court sentenced Trammer to a mandatory term of one year for drug possession and six months for possession of criminal tools to run concurrently. In addition, the trial court imposed a $5,000 mandatory fine.
 MOTION TO SUPPRESS {¶ 9} Trammer argues in his first assigned error that counsel was ineffective for failing to file a motion to suppress the evidence.
 {¶ 10} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v.Washington.[1] Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[2] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different.[3] Judicial scrutiny of a lawyer's performance must be highly deferential.[4]
 {¶ 11} We disagree with Trammer's contention that his counsel was ineffective for failing to seek to suppress the recovered evidence. We do not find the stop or search in the instant case was illegal.
 {¶ 12} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures.[5] A traffic stop by a law enforcement officer must comply with the Fourth Amendment's reasonableness requirement.[6] A police officer may stop and detain a motorist when he observes a violation of the law, including any traffic offense. No independent reasonable and articulable suspicion of other criminal activity is required underTerry.[7]
 {¶ 13} It is undisputed that Trammer's car was stopped in the middle of the street, impeding traffic. This traffic violation provided probable cause for the officers to stop and detain the vehicle for the purpose of issuing a warning or a citation for that violation.[8]
 {¶ 14} Ordering Trammer out of the vehicle was also lawful. The United States Supreme Court in Pennsylvania v.Mimms[9] held that a police officer may order a motorist to get out of a car which has been properly stopped for a traffic violation. The Court held that this was lawful even when there is no suspicion of other criminal activity. "What is now referred to as a `Mimms order' was viewed by the Court as an incremental intrusion into the driver's personal liberty which, when balanced against the officer's interest in protection against unexpected assault by the driver and against accidental injury from passing traffic, is reasonable under the Fourth Amendment."[10] In the instant case, not only was Trammer stopped for a traffic violation, but the officer also suspected other criminal activity was taking place because of the smell of marijuana.
 {¶ 15} We also conclude the subsequent search of the vehicle was lawful. Upon approaching the vehicle, both officers smelled a strong odor of marijuana. The Ohio Supreme Court has held "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement."[11] Thus, the search of the vehicle was permitted.
 {¶ 16} Trammer claims he was then illegally placed under arrest and placed in the squad car. Trammer contends the arrest was not supported by probable cause because the cocaine was not yet discovered. However, the evidence at trial does not indicate that Trammer was placed under arrest at this time. Instead, Officer Shay testified Trammer was "secured" in the back of the squad car.[12] He then ran a computer check on both men to determine whether they had any outstanding warrants while Officer Sedlac searched the vehicle.
 {¶ 17} Officer Sedlac stated that after he discovered the cocaine, the officers' supervisor was called to the scene. After the supervisor reviewed the evidence both men were arrested.[13] Therefore, Trammer's arrest was lawful.
 {¶ 18} Finally, Officer Shay testified his pat-down search of Trammer prior to placing him in the patrol car did not reveal anything incriminating. Accordingly, Trammer's first assigned error is overruled.
 SUFFICIENCY OF THE EVIDENCE/MANIFEST WEIGHT {¶ 19} Trammer argues in this second and third assigned errors that the evidence was insufficient to support his convictions, and that the convictions were against the manifest weight of the evidence. Trammer contends he did not have actual nor constructive possession of the drugs, and that his acquittal of the drug trafficking charge mandates an acquittal of his possession of criminal tools charge.
 {¶ 20} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman:[14]
"Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."[15]
 {¶ 21} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks,[16] in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"
 {¶ 22} When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As the Ohio Supreme Court held, inState v. Thompkins:[17]
"Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Blacks, supra, at 1594.
"* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 {¶ 23} Trammer was convicted of possession of crack cocaine in violation of R.C. 2925.11(A), which provides as follows: "No person shall knowingly obtain, possess, or use a controlled substance." Additionally, R.C. 2901.22(B) defines knowingly as follows:
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 24} Trammer contends the State failed to prove the drugs belonged to him; therefore, the State failed to prove the essential elements of possession of a controlled substance. Possession, however, need not be actual; it may be constructive.[18] Constructive possession exists when a person knowingly exercises dominion or control over an item, even without physically possessing it.[19] While mere presence in the vicinity of the item is insufficient to justify possession, ready availability of the item and close proximity to it support a finding of constructive possession.[20]
 {¶ 25} In the instant matter, the crack cocaine was found between the center console and passenger's seat. Therefore, the cocaine was obviously within control of the passenger. However, both officers testified that the cocaine was also within easy reach of Trammer. An object can be jointly possessed. "Joint possession exists when two or more persons together have the ability to control an object, exclusive of others."[21]
Consequently, because both Trammer and his passenger had equal access and control of the drugs, they jointly possessed them.
 {¶ 26} We also conclude the evidence sufficiently supported Trammer's conviction for possession of criminal tools even though he was acquitted of drug trafficking. The criminal tools consisted of the $500 in cash and Trammer's car. This court has held that the mere fact that appellant was acquitted of the accompanying drug charge does not vitiate the jury's guilty verdict on the possession of criminal tools charge.[22] As this court in State v. McCullough[23] concluded, "appellant was found guilty of possession of cocaine, it is not a legal impossibility to also find that the automobile in which he kept the cocaine was a `criminal tool' under R.C. 2932.24(A)."
 {¶ 27} Moreover, the United States Supreme Court in UnitedStates v. Powell[24] has held:
"* * * [T]here is no reason to vacate respondent's conviction merely because the verdicts cannot rationally be reconciled. Respondent is given the benefit of her acquittal on the counts on which she was acquitted, and it is neither irrational nor illogical to require her to accept the burden of conviction on the counts on which the jury convicted. * * *"
 {¶ 28} The Court further explained that it is equally possible that the jury made a mistake in acquitting the defendant of the accompanying offense. In such situations, the State has no recourse to correct the jury's error because it is precluded from appealing acquittals.[25] Therefore, we conclude the mere fact that Trammer was acquitted of drug trafficking does not also warrant an acquittal of the possession of criminal tools charge. Accordingly, Trammer's second and third assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and McMonagle, J., concur.
[1] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[2] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[3] Id. at paragraph two of syllabus.
[4] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[5] Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889.
[6] Whren v. United States (1996), 517 U.S. 806,116 S.Ct. 1769, 135 L.Ed. 2d 89.
[7] Dayton v. Erickson, 76 Ohio St.3d 3, 1996 Ohio 431.
[8] Whren, supra and Dayton, supra.
[9] (1977), 4334 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331.
[10] State v. Evans, 67 Ohio St.3d 405, 1993 Ohio 186.
[11] State v. Moore (2000), 90 Ohio St.3d 47, 2000 Ohio 10.
[12] Tr. at 181.
[13] Tr. at 166.
[14] (1978), 55 Ohio St.2d 261, syllabus.
[15] See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19,23; State v. Davis (1988), 49 Ohio App.3d 109, 113.
[16] (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
[17] 78 Ohio St.3d 380, 386-387, 1997 Ohio 52.
[18] State v. Butler (1989), 42 Ohio St.3d 174, 176.
[19] State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus.
[20] State v. Haynes (1971), 25 Ohio St.2d 264, paragraph two of the syllabus.
[21] State v. Alicea (Oct. 18, 2001), Cuyahoga App. No. 78940, citing 4 Ohio Jury Instructions (2004), Section 409.50(4), at 64; See, also, State v. Jones (Dec. 24, 1997), Cuyahoga App. No. 71922; State v. Correa (May 15, 1997), Cuyahoga App. No. 70744; State v. Ward (June 2, 1994), Cuyahoga App. No. 65366.
[22] State v. McCullough (Sept. 23, 1993), Cuyahoga App. No. 53487; State v. Woods (May 14, 1993), Cuyahoga App. No. 60332. See, also, State v. Woodson (1985), 24 Ohio App.3d 143.
[23] Supra.
[24] (1984), 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461.
[25] Id.