JOURNAL ENTRY and OPINION
{¶ 1} Defendant Willie Collins sat in the passenger seat of a car that rolled through a red traffic light. An officer activated his lights and siren and followed the vehicle about one block before it pulled into a residential driveway. The driver and Collins exited the vehicle and fled. Additional units arrived and helped apprehend Collins. During an inventory search of the vehicle, officers found crack cocaine placed about six inches under the passenger seat where Collins had sat. A jury found Collins guilty of one count of drug possession. The sole issue is whether these facts were sufficient to prove drug possession.
 {¶ 2} Our review of a claim concerning the sufficiency of the evidence to support a criminal conviction "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the [appellant's] guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Moore, 81 Ohio St.3d 22, 40, 1998-Ohio-441. Thus, for us to sustain Collin's argument, we have to determine that no rational trier of fact could find the essential elements of drug possession.
 {¶ 3} R.C. 2925.11(A) states, "[n]o person shall knowingly obtain, possess, or use a controlled substance." Possession may be proven by evidence of actual physical possession or constructive possession where the contraband is under the defendant's dominion or control. State v. Palmer (Feb. 6, 1992), Cuyahoga App. No. 58828. Constructive possession may be proven by circumstantial evidence alone, State v. Taylor
(1997), 78 Ohio St.3d 15, 1997-Ohio-243, but "dominion and control" may not be inferred solely from mere access to the substance through ownership or occupation of the premises upon which the substance is found. R.C. 2925.01(K).
 {¶ 4} There is no evidence of actual possession, so the conviction may only stand if there was evidence of constructive possession. Even though the police found the crack under Collin's seat in the car, we recognize that mere proof of presence in the vicinity of illicit drugs is insufficient to establish possession. Cincinnati v. McCartney (1971), 30 Ohio App.2d 45,47-48. Nevertheless, Collins' act of fleeing apprehension constituted circumstantial evidence to show that he had knowledge that the crack was present under his seat. State v. Brown,
Cuyahoga App. No. 83976, 2004-Ohio-5863, at ¶ 25; State v.Coleman (Aug. 20, 1999), Hamilton App. No. C-980617.
 {¶ 5} Collins' flight is the key to showing constructive possession since it shows a consciousness of guilt. It is highly unlikely that Collins fled to avoid a traffic citation — he was not the driver of the car and would not have been penalized for the driver's infraction. It is also possible that the driver of the car knew that the drugs were placed there and told Collins about them once the police car sounded its siren. That explanation is more plausible, but still with problems. The location of the crack under Collins' seat in the car suggests his dominion and control. This is particularly true since neither Collins nor the driver owned the car. Their flight indicated consciousness that the drugs were in the car. If the owner of the car placed the crack under the passenger's seat, they were obviously aware of that fact given their flight. While they may not have "owned" the crack, their knowledge of its presence would have been sufficient to find they exerted dominion and control over it through their use of the vehicle.
 {¶ 6} It is possible that the driver placed the crack under the passenger seat without Collins' knowledge and did not tell him about it until they were pulled over by police. In that event, it might be understandable for Collins to run even though he was not guilty. Unfortunately, there was no evidence of this as Collins did not testify. At any rate, the arresting officer testified that the crack had been placed six inches under the passenger seat. He said this placement was consistent with where it would be placed had the passenger reached down to put it there. Reasonable minds could have accepted this point and, coupled with Collins' flight after being stopped, viewed it as sufficient circumstantial evidence of possession. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, P.J., and Patricia Ann Blackmon, J.,concur.