JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Darnell Whitfield, appeals from a judgment of conviction which found him guilty of drug possession, drug trafficking, having a weapon while under disability, and carrying a concealed weapon. Appellant raises five assignments of error for review. For the reasons set forth below, we affirm in part, reverse in part and remand.
 {¶ 2} The record before us demonstrates that on April 10, 2006, appellant was driving a vehicle that was stopped by the Cleveland police for running a stop sign. Police discovered appellant's driver's license was suspended and arrested him for driving under suspension. During an inventory of the car prior to towing, police looked in the glove compartment and found a loaded handgun and a bag containing 26.19 grams of crack cocaine. The drugs and gun were confiscated, along with more than $6,000 cash found in appellant's pocket.
 {¶ 3} Appellant was indicted on one count each of possession of drugs, drug trafficking, possessing criminal tools, having weapons while under disability, and carrying a concealed weapon. Counts 1, 2, and 4 also included one-year firearm specifications. Appellant entered pleas of not guilty to all counts.
 {¶ 4} On June 12, 2007, appellant's case was tried to the bench. Upon completion of the state's case, the trial court denied appellant's motion to suppress. The court also denied his Crim.R. 29 motion for acquittal. At the close of appellant's case, the trial court found appellant guilty on four of the five counts. The *Page 4 
court found no evidence that the money confiscated was intended to be used in the commission of a drug offense and found appellant not guilty of possessing criminal tools. The trial court imposed a sentence of three-years imprisonment on counts 1, 2, and 4, and one-year on count 5, all to be served concurrently. Additionally, the court merged the firearm specifications and imposed a one-year term to be served prior to the other sentences; resulting in a four-year prison term. Appellant appealed raising the following five errors.
 {¶ 5} "I. The trial court erred in denying appellant's motion to suppress."
 {¶ 6} In support of this assignment, appellant claims the officers searched the car prior to arresting him and, therefore, the search of the vehicle was not incident to a lawful arrest. Additionally, appellant claims that the traffic stop was an unlawful pretext to search the vehicle. He argues that any evidence discovered as a result of this stop must be suppressed. We disagree.
 {¶ 7} "A motion to suppress evidence seeks to challenge the arrest, search or seizure as somehow being in violation of the Fourth Amendment of the United States Constitution. The principal remedy for such a violation is the exclusion of evidence from the criminal trial of the individual whose rights have been violated. See Katz, Ohio Arrest, Search and Seizure (2001) 31, Section 2.1. Exclusion is mandatory underMapp v. Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, when such evidence is obtained as a result of an illegal arrest, search or seizure." State v. Williams, Cuyahoga App. No. 81364, 2003-Ohio-2647, atpara: 7. *Page 5 
 {¶ 8} Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Harris (1994),98 Ohio App.3d 543. Accepting these facts as true, the appellate court must then independently determine whether the facts satisfy the applicable legal standard. State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at para: 8.
 {¶ 9} At the suppression hearing, the two arresting officers related the events leading up to the traffic stop and to appellant's subsequent arrest. The officers testified that they observed appellant run a stop sign. They followed the vehicle and ran the license plates through the police data base. The computer showed that the vehicle was registered to appellant, and that his driver's license was suspended. At that time, they activated the lights and sirens and tried to pull appellant over.
 {¶ 10} The officers testified that appellant slowed down but did not pull over in response to their lights and siren. He continued to drive at a slow speed for a few blocks, before pulling into and then out of the Karamu House parking lot. Officers observed appellant reaching over to the passenger's side while driving slowly. Finally, after they used the loudspeaker and twice ordered him to stop, appellant pulled over and stopped the car on East 89th Street. The officers testified that as *Page 6 
appellant stepped out of the car, he was patted down and placed under arrest. He was handcuffed and placed in the back of the zone car. They then ordered a tow truck and took an inventory of the car's content prior to it being towed. The drugs and gun were found during the inventory search.
 {¶ 11} Appellant argues that the stop was invalid. He challenges the testimony of the two officers and points to inconsistencies in their testimony as to how the situation actually transpired. However, as previously stated, the trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. The trial court considered the inconsistencies in the officers' testimony and found them to be minor. The court found that appellant ran the stop sign and was driving with a suspended license. We accept the factual findings of the trial court. We must now determine whether these facts satisfy the legal standard.
 {¶ 12} Appellant argues the stop was merely a pretext to search his car for contraband. The Ohio Supreme Court has recognized that "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." City of Dayton v. Erickson, 76 Ohio St.3d 3,11-12, 1996-Ohio-431. See, also, Whren v. United States (1996),517 U.S. 806, 135 L.Ed.2d 89, 116 S.Ct. 1769 (reaching the same holding). Accordingly, regardless of the officers' *Page 7 
motivation, based on the trial court's finding that appellant ran the stop sign, the initial stop was lawful.
 {¶ 13} It is undisputed that appellant was driving under a suspended license. Therefore, the arrest was valid and the police were warranted in towing appellant's car. This court has previously held that it is reasonable to do an inventory search before surrendering a car to a towing company in order to insure the proper accounting of the contents of the car. State v. Bridges, Cuyahoga App. No. 80171, 2002-Ohio-3771;State v. Cook (2001), 143 Ohio App.3d 386. "In order for an inventory search to be constitutionally valid, it must be `reasonable; `that is, it must be conducted in good faith, not as a pretext for an investigative search, and in accordance with standard police procedures or established routine." State v. Odavar, Cuyahoga App. No. 89029,2007-Ohio-5535, citing State v. Hathman, 65 Ohio St.3d 403,1992-Ohio-63, paragraph one of the syllabus. The arresting officers testified that they followed the Cleveland police department's policy for inventorying vehicles prior to being towed. A copy of that written policy was admitted into evidence.
 {¶ 14} Therefore, the record reflects that the traffic stop, arrest, and subsequent search of the vehicle were constitutionally valid. The trial court did not err in denying appellant's motion to suppress. The first assignment of error is overruled. *Page 8 
 {¶ 15} "II. The trial court erred when it denied appellant's motion for acquittal under Crim.R. 29 because the state failed to present sufficient evidence to establish beyond a reasonable doubt the elements necessary to support the convictions."
 {¶ 16} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. A reviewing court will not overturn a conviction for insufficiency of the evidence unless it finds that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh, 90 Ohio St.3d 460, 484, 2001-Ohio-4.
 {¶ 17} The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, syllabus. Further, it is not the function of an appellate court to substitute its judgment for that of the factfinder. Jenks, supra, at 279.
 {¶ 18} Appellant was convicted of drug possession, drug trafficking, having a weapon under disability, and carrying a concealed weapon. Appellant claims that there was no evidence that he possessed the drugs or the gun found in the car. He *Page 9 
further argues that there is no evidence that he knew or had reasonable cause to believe that the drugs were intended for sale or resale to another person. We disagree.
 {¶ 19} R.C. 2925.11(A), provides that, "no person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 20} R.C. 2925.03 (A)(2) provides that no person shall knowingly "prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 21} A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. State v. Teamer (1998), 82 Ohio St.3d 490, 492.
 {¶ 22} Possession "means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Interpreting the meaning of the term "possession," Ohio courts have held possession may be actual or constructive. See State v. Wolery (1976), 46 Ohio St.2d 316, 329;State v. Hankerson (1982), 70 Ohio St.2d 87, 90-1; State v. Boyd *Page 10 
(1989), 63 Ohio App.3d 790. To establish constructive possession, the state must prove the defendant was able to exercise dominion or control over the object, even though that object may not be within his immediate physical possession. Boyd, supra, at 796. Further, it must also be shown that the person was "conscious of the presence of the object."Hankerson, supra, at 91.
 {¶ 23} The evidence shows that the car was registered to appellant, and that he was the sole occupant of the car at the time the police stopped him for the traffic violation. The officers testified that appellant did not immediately stop when the lights and siren were activated, but continued at a slow speed for a number of blocks during which time he was observed reaching over into the passenger side of the car. The gun and drugs were found in the glove compartment on the passenger side of the car.
 {¶ 24} We find appellant, as owner and operator of the vehicle, had the ability to exercise dominion or control over the drugs found in his car's glove compartment. Additionally, appellant's actions in failing to stop when signaled by police and in reaching over into the passenger's side of the car, support an inference that appellant had knowledge of the illegal drugs and gun in the glove compartment and, therefore, knowingly possessed them.
 {¶ 25} Based upon the amount of drugs seized and the testimony of the vice detective, we also find there was sufficient evidence to support the finding that appellant was transporting the drugs for sale or resale. *Page 11 
 {¶ 26} In addition to the testimony of the arresting police officers, the state presented the following evidence: a laboratory report showing that the gun seized was loaded and operable; a laboratory report showing that the contents of the bag found in the glove compartment was 26.19 grams of cocaine; a copy of the citation issued to appellant for the traffic violations; a certified copy of the journal entry showing appellant's prior felony burglary conviction; and a copy of the city of Cleveland's written policy regarding the towing of vehicles.
 {¶ 27} Viewing this evidence in a light most favorable to the prosecution, and considering all the attendant facts and circumstances, we find that a rational trier of fact could have found the essential elements of all of the crimes charged proven beyond a reasonable doubt, therefore, we find there was sufficient evidence to support appellant's convictions. Appellant's second assignment is overruled.
 {¶ 28} "III. The trial court committed plain error by convicting and sentencing appellant to both drug possession and drug trafficking which are allied offenses of similar import."
 {¶ 29} In addition to the conviction for carrying a concealed weapon and having a weapon while under a disability, the trial court convicted appellant of possession of drugs in violation of R.C. 2925.11 (A), and trafficking in drugs in violation of R.C. 2925.03(A)(2), each with a one-year firearm specification. In sentencing, the trial court merged the firearm specifications but imposed separate, concurrent sentences on the drug possession and drug trafficking offenses. *Page 12 
Appellant argues that pursuant to R.C. 2941.25(A), the two drug offenses are allied offenses of similar import and therefore the trial court erred in convicting him on both offenses.
 {¶ 30} R.C. 2945.25 states:
 {¶ 31} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 32} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 33} R.C. 2941.25 requires a two-step analysis. State v.Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, at _14, citing Newark v.Vazirani (1990), 48 Ohio St.3d 81, syllabus; State v. Blankenship
(1988), 38 Ohio St.3d 116, 117; State v. Mughni (1987),33 Ohio St.3d 65, 67; State v. Talley (1985), 18 Ohio St.3d 152, 153; State v.Logan (1979), 60 Ohio St.2d 126, 128. "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must proceed to the second *Page 13 
step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Cabrales at _14, quoting State v.Blankenship, 38 Ohio St.3d 116, 117.
 {¶ 34} In the instant case, the first step is determined by the holding in Cabrales which states:
 {¶ 35} "Trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import under R.C. 2941.25(A), because commission of the first offense necessarily results in commission of the second." Id. at paragraph two of the syllabus.
 {¶ 36} In the second step, we look to appellant's conduct to determine whether he committed the two offenses separately, or with a separate animus. The state's evidence demonstrated that the offenses were committed at the same time and that appellant possessed the cocaine with the single intent to sell it to street-level suppliers. Under these facts, pursuant to R.C. 2941.25, appellant cannot be convicted of both drug possession and drug trafficking.
 {¶ 37} Allied offenses of similar import do not merge until sentencing, since a conviction consists of the verdict and sentence.State v. McGuire (1997), 80 Ohio St.3d390, 399, 1997-Ohio-335. It is plain error to impose multiple sentences for *Page 14 
allied offenses of similar import, even if the sentences are run concurrently. State v. Sullivan, Cuyahoga App. No. 82816,2003-Ohio-5930. Therefore, the court should have merged the convictions for the two offenses rather than imposed concurrent sentences. Id.
 {¶ 38} We therefore sustain appellant's third assignment of error, reverse the conviction for drug possession and remand the case to the trial court to vacate the drug possession conviction. See R.C.2953.08(G)(2); State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245;State v. Yarbrough, 104 Ohio St.3d 1, 2004-Ohio-6087.
 {¶ 39} "IV. Appellant's convictions are against the manifest weight of the evidence."
 {¶ 40} When reviewing a claim that a verdict is against the manifest weight of the evidence, we weigh all the reasonable inferences, consider the credibility of witnesses and, in considering conflicts in the evidence, determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. In doing so, we remain mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. This gives the trier of fact the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." State v. Antill (1964),176 Ohio St. 61, 67. *Page 15 
 {¶ 41} Appellant argues that the quality of the evidence was poor and unreliable and that the trial court lost its way in convicting him. He asserts again that inconsistencies in the officers' testimony renders the evidence unreliable. We disagree.
 {¶ 42} The trial court heard the two arresting officers testify to the events leading up to appellant's arrest on April 10, 2007. The court heard the inconsistencies in their testimony and found them to be minor. The court also heard appellant testify to a completely different set of events leading up to his arrest and his claim that the police officers were not telling the truth.
 {¶ 43} It was within the trial court's province to weigh the evidence and the credibility of the witnesses. After reviewing the testimony and all the evidence before the court, we cannot say that the trial court clearly lost its way in resolving the conflicts in the evidence. Appellant's fourth assignment is overruled.
 {¶ 44} "V. The trial court erred by not ordering the return of the proceeds taken from appellant."
 {¶ 45} Appellant argues that the trial court failed to order the state to return the money confiscated from him during his arrest. This argument is belied by the record. The court's journal entry of June 19, 2007 states: "$6,124.00 FOUND ON DEFENDANT AT TIME OF ARREST IS ORDERED RETURNED TO DEFENDANT, FOUND NOT TO BE A CRIMINAL TOOL AS CHARGED." *Page 16 
 {¶ 46} Additionally, in light of the trial court's findings that, "[t]here's no evidence at all that the money was the fruit of drug transactions," and that there was "evidence submitted by defendant that it was money he had taken from the bank," we find no merit to the state's assertion that the court needs to hold a forfeiture hearing regarding the money. We note that the state has not filed a cross-appeal on this or any other issue, and has asked us to affirm the trial court's judgment. Therefore, we overrule appellant's fifth and final assignment of error.
 {¶ 47} Accordingly, the judgment of the trial court is affirmed in part and reversed in part. This case is remanded to the trial court with instructions to vacate the conviction and sentence for drug possession only.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and *Page 17 
 FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1