OPINION *Page 2 
{¶ 1} Defendant-Appellant, Brian L. Davis, appeals from his conviction of one count of possession of marijuana, a misdemeanor of the fourth degree, in violation of Ashland Codified Ordinance 513.03(A). The State of Ohio is Plaintiff-Appellee.
 {¶ 2} On April 26, 2008, Officer Michael Garn of the Ashland City Police Department was working routine patrol when he ran a LEADS check on a vehicle. The LEADS check indicated that the driver of the vehicle did not have a valid license. Officer Garn executed a traffic stop and approached the vehicle. The driver in the vehicle had a temporary identification card, but did not have a valid driver's license.
 {¶ 3} Appellant, who was the front seat passenger, also did not have a valid driver's license. The back seat passenger, also did not have a valid driver's license.
 {¶ 4} Since none of the passengers in the car had a license to drive the vehicle away, Officer Garn issued a citation to the driver and after conferring with his supervisor, decided to tow the vehicle to the police impound lot to get it off of the road since it was obstructing traffic. Prior to asking the occupants to step out of the vehicle, Officer Garn asked Appellant if he was on probation or parole, and Appellant responded that he had previously been arrested and that he had been in prison. He then asked all of the occupants to step out of the vehicle and conducted a Terry frisk on Appellant to make sure that he did not have any weapons on him. He stated that Appellant was a "big guy" and that he patted Appellant down for officer safety.
 {¶ 5} Officer Garn testified that he asked all occupants to stand off to the side of the road while he conducted the inventory search. He stated that the occupants told him that they were trying to get a ride or they were going to walk down the road to a *Page 3 
house at that point. Appellant stated that he wanted to collect some of his belongings out of the trunk. Officer Garn indicated that as soon as he completed the inventory search, Appellant could collect his belongings. Otherwise, all of the occupants were free to leave.
 {¶ 6} The Ashland Police Department's towing policy states that when it is determined that there is no person able to drive a vehicle away and that the vehicle is causing a hazard to others driving on the street, the proper procedure is to conduct an inventory search of the vehicle, including the glove compartment, any unlocked containers, and the trunk and then to tow the vehicle to the police impound lot. The policy further states that if contraband is found in the vehicle, the officer is supposed to ask if any occupant of the vehicle wants to claim ownership of it.
 {¶ 7} During the inventory search of the unlocked glove compartment, Officer Garn recovered a Newport cigarette pack that had been crushed up and had raw marijuana as well as half a joint in it. He asked all of the occupants who the marijuana in the cigarette pack belonged to and Appellant immediately held up his hand and said that it was his.
 {¶ 8} After Appellant admitted to owning the marijuana, Officer Garn did a complete search of Appellant, issued him a summons for court, and released him.
 {¶ 9} Appellant was charged in Ashland Municipal Court with one count of misdemeanor possession of drugs in violation of Ashland Municipal Ordinance 513.03(A). He filed a motion to suppress, arguing that the search was improper because he was illegally detained after he was frisked by the officer. *Page 4 
 {¶ 10} The trial court, in denying Appellant's motion, determined that the search was "basically an administrative inventory in accordance with the established protocol of the Ashland Police Department when a vehicle is going to be towed." The court determined that it was necessary for the vehicle to be towed and impounded and that the inventory search was proper. Appellant pled no contest to the charge and was sentenced to thirty days in jail with fifteen days suspended.
 {¶ 11} Appellant now appeals and raises one Assignment of Error:
 {¶ 12} "I. THE TRIAL COURT ERRED BY NOT SUPPRESSING THE EVIDENCE GATHERED AS A RESULT OF ARREST OF APPELLANT WHICH VIOLATED APPELLANT'S FOURTH AMENDMENT RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES."
 I. {¶ 13} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to suppress the marijuana found as a result of the inventory search. We disagree.
 {¶ 14} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. State v. Brooks, (1996), 75 Ohio St.3d 148,661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Metcalf (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. Accepting these facts as true, the appellate court must independently *Page 5 
determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141.
 {¶ 15} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 1 Ohio B. 57, 437 N.E.2d 583; andState v. Klein (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. SeeState v. Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 623, 620 N.E.2d 906.
 {¶ 16} The trial court determined, and this court agrees, that the inventory search of the vehicle was valid. Here, Officer Garn testified that he, along with his supervisor, immediately determined that they needed to tow the vehicle upon discovering that none of the occupants of the vehicle had a valid license to drive it away. "Both the ordering of the tow and the subsequent inventory search were conducted in accordance with standard police procedures. Thus, the police were authorized to search the interior of *Page 6 
the vehicle as part of the inventory." State v. Alexander, 8th Dist. No. 90509, 2009-Ohio-597, at ¶ 40 (internal citations omitted).
 {¶ 17} Moreover, when Officer Garn discovered the marijuana and asked the occupants who it belonged to, none of the occupants were being detained. Officer Garn testified that the occupants were free to leave, but were standing there deciding whether they were going to call someone for a ride or walk down the street to a house. In fact, Appellant requested to retrieve his belongings from the trunk, which Officer Garn told him that he could have once the inventory was completed. Appellant chose to stay at the scene and chose to claim ownership of the marijuana when Officer Garn asked who it belonged to. No Fourth Amendment concerns are implicated by this consensual exchange.
 {¶ 18} Appellant apparently also contests the patdown search conducted by Officer Garn. As there was no evidence procured from the patdown, we do not find this argument to be of legal significance. However, we would note that an officer is entitled to conduct a protective patdown search where he has reason to fear for his safety. In this case, Appellant, along with both passengers in the vehicle, failed to produce valid driver's licenses, and Appellant admitted that he had previously been to prison. The officer believed that based on Appellant's criminal history, his size (Appellant is 6'1" and 270 pounds), and the fact that Appellant and the other occupants failed to produce valid driver's licenses, that the patdown was necessary for officer safety. See City of Columbus v.Hazlett, 10th Dist. No. 87AP-482; see also Terry v.Ohio (1968), 392 U.S. 1, 88 S.Ct. 1503, (holding that an officer is authorized to perform a limited patdown *Page 7 
search for weapons as a safety precaution if there is a reasonable suspicion that the person stopped may be armed and dangerous).
 {¶ 19} Appellant's assignment of error is overruled.
 {¶ 20} Based on the foregoing, we find Appellant's claim to be without merit. The decision of the Ashland Municipal Court is affirmed.
Delaney, J. Wise, P.J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland Municipal Court is affirmed. Costs assessed to appellant. *Page 1