[Cite as *State v. Keyser*, 2017-Ohio-1182.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28248 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JULIE KEYSER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015-07-2207 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2017

CALLAHAN, Judge.

{¶1} Appellant, Julie Keyser, appeals the judgment of the Summit County Court of Common Pleas denying her motion to suppress. For the reasons set forth below, this Court affirms.

I.

{¶2} Ms. Keyser was indicted on three counts: possession of heroin, illegal use or possession of drug paraphernalia, and possessing drug abuse instruments. She pled not guilty to the charges and filed a motion to suppress "any and all tangible or intangible evidence" obtained as a result of the illegal stop, detention, and questioning. Because this evidence includes the heroin, the issue is not forfeited. The trial court excluded her statements and needles, but did not suppress the heroin found after her arrest. Ms. Keyser pled no contest to an amended count of possession of drugs and was found guilty. Based on the suppression ruling, the State dismissed

the remaining counts. The State did not appeal the suppression of the statements or the needles.

Ms. Keyser timely appeals the denial of the motion to suppress the heroin.

II.

**ASSIGNMENT OF ERROR**

> THE TRIAL COURT ERRED AS A MATTER OF LAW, IN VIOLATION OF MS. KEYSER'S FOURTH, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION IN ITS APPLICATION OF THE LAW TO THE FACTS OF HER SEIZURE, CUSTODIAL INTERROGATION, ARREST, AND THE POLICE'S SEARCH OF HER VEHICLE.

{¶3} Ms. Keyser's sole assignment of error is that the trial court erred in violation of her rights under the Self-Incrimination Clause of the Ohio Constitution by failing to suppress the heroin found as a direct result of a *Miranda* violation. While Ms. Keyser lists both the United States and Ohio Constitutions in her assignment of error, her argument is limited to the Ohio Constitution. This Court disagrees.

{¶4} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997). Therefore, this Court grants deference to the trial court's findings of fact, but conducts a de novo review of whether the trial court applied the appropriate

legal standard to those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist).

### Trial Court's Findings of Fact

{¶5} Officers Tassone and Westlake of the Akron Police Department were conducting a routine patrol of the parking lot of Gatsby's Strip Club. The parking lot is a high drug area. The officers were looking for individuals who remain inside their cars, because this type of activity is a red flag for the use or sale of drugs and a sign that criminal activity may be afoot.

{¶6} The officers saw a vehicle parked in the rear of the lot. Inside the vehicle were two persons with their heads down. The occupants were still in the car after Officer Tassone circled the lot.

{¶7} Officer Tassone parked the cruiser and both officers walked up to the vehicle to engage in a consensual encounter. As they approached the vehicle, the driver, Ms. Keyser, attempted to jump head first out of the driver's side window. Both officers ordered Ms. Keyser back into the car. At that time, Officer Tassone observed Ms. Keyser's right arm was bleeding. Based on the location and appearance of the blood, Officer Tassone believed Ms. Keyser had just injected an intravenous drug.

{¶8} Based on her observation of the blood, Officer Tassone immediately asked Ms. Keyser, "[W]here's the needle?" Ms. Keyser told her the needles were in a green bag in the vehicle. Officer Tassone then asked Ms. Keyser where the heroin was located and she said they had already used it. Ms. Keyser was arrested for drug paraphernalia and drug abuse instruments.

{¶9} During the subsequent tow inventory of the vehicle, the officers discovered Ms. Keyser's wallet which contained a baggie with suspicious residue. Officer Tassone read Ms. Keyser her *Miranda* rights and re-questioned her about the heroin. Ms. Keyser again stated that

she had injected the heroin prior to the officers approaching the vehicle. When confronted with the heroin in her wallet, Ms. Keyser said it was hers from a prior occasion.

{¶10} Based upon a review of the testimony from the suppression hearing, the trial court's findings of fact are supported by competent, credible evidence and are hereby accepted.

### Trial Court's Conclusions of Law

{¶11} Based on the foregoing findings of fact, the trial court concluded that Ms. Keyser's pre- and post-*Miranda* statements were obtained in violation of her *Miranda* rights and were inadmissible pursuant to *Missouri v. Seibert*, 542 U.S. 600 (2004). The trial court went on to conclude that the needles were discovered as a result of Ms. Keyser's pre-*Miranda* statements and thereby inadmissible pursuant to *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, ¶ 49. However, the trial court concluded that the heroin found in Ms. Keyser's wallet was admissible because it was discovered during an inventory search and search incident to arrest and not as the result of any pre-*Miranda* admissions by Ms. Keyser. Therefore, it was "not 'fruit of any poisonous tree.'"

### *Farris* Analysis

{¶12} Relying upon *Farris*, Ms. Keyser challenges the denial of the motion to suppress the heroin solely under the Self-Incrimination Clause of the Ohio Constitution. Ms. Keyser asserts the heroin should be excluded because it was found as a direct result of her statements made both pre- and post-*Miranda*. Ms. Keyser challenges the trial court's reliance on *Seibert* as a basis to not exclude the heroin. Ms. Keyser argues the facts in *Farris* are similar to this case and thus the same analysis used to exclude the needles applies to exclude the heroin. This Court disagrees.

{¶13} In *Farris*, the officer stopped the defendant for speeding. *Id*. at ¶ 1. The officer recognized the odor of burnt marijuana and removed Farris from the car. *Id.* at ¶ 1-2. The officer conducted a pat-down search, but found nothing. *Id.* at ¶ 2. The officer took Farris' car keys and requested he sit in the front seat of the cruiser. *Id.* Without administering *Miranda*, the officer asked Farris about the smell. *Id.* at ¶ 3. Farris indicated his roommates had been smoking before he left the house. *Id*. The officer told Farris he was going to search the car and asked if there were any drugs or drug paraphernalia in the car. *Id*. Farris responded there was "a 'bowl,' i.e., a marijuana pipe, in a bag in his trunk." *Id.* After that statement, the officer *Mirandized* Farris and asked him the same questions and received the same responses. *Id.* at ¶ 4. The officer searched the car. *Id*. at ¶ 5. The officer found a marijuana pipe in the trunk and charged Farris with possession of drug paraphernalia. *Id.* Farris moved to suppress his statements and the physical evidence. *Id.* at ¶ 6.

{¶14} Relying on *Seibert*, the Ohio Supreme Court held Farris' post-*Miranda* statements were inadmissible because the questioning of Farris pre- and post-*Miranda* were part of a single interrogation that prevented him from being able to make an informed choice about giving an admissible statement after the *Miranda* warnings. *Farris* at ¶ 30.

{¶15} The Ohio Supreme Court further excluded the physical evidence seized as a result of those statements, finding that the Self-Incrimination Clause of Section 10, Article I of the Ohio Constitution provides greater protection to criminal defendants than the Fifth Amendment of the United States Constitution. *Farris* at ¶ 9, 48. *Farris* held that "[o]nly evidence obtained as the *direct* result of statements made in custody without the benefit of a *Miranda* warning should be excluded." (Emphasis added.) *Id*. at ¶ 49.

{¶16} This case is distinguishable from *Farris*. Ms. Keyser made two incriminating pre-*Miranda* statements: the location of the needles and an admission to injecting all of the heroin. The pre-*Miranda* statement regarding the location of the needles led to their discovery. These two statements, however, did not incriminate Ms. Keyser as to the possession of any additional heroin. By saying she used all of the heroin, Ms. Keyser denied possessing any additional drugs.

{¶17} After being *Mirandized*, Ms. Keyser made the same incriminating statements about the needles and her injection of the drugs. When confronted with the heroin found in her wallet, Ms. Keyser admitted it was hers. Accordingly, the officers did not find the heroin based on any of Ms. Keyser's pre- or post-*Miranda* statements. Instead, the officers found the heroin during the inventory search and search incident to arrest. *See State v. Odavar*, 8th Dist. Cuyahoga No. 89029, 2007-Ohio-5535, ¶ 15 (holding *Farris* is inapplicable because a crack pipe was found pursuant to an inventory search and not defendant's statements).

{¶18} Applying *Farris* to the facts found by the trial court, this Court agrees as a matter of law that the heroin is not subject to suppression because it was not discovered as a direct result of any of Ms. Keyser's statements while made in custody without the benefit of *Miranda*.

{¶19} Although the trial court correctly relied on *Seibert* to exclude Ms. Keyser's statements, its reliance on *Seibert* to deem the heroin admissible because it was "not 'fruit of any poisonous tree'" is misplaced. *Seibert,* relying on *Oregon v. Elstad*, 470 U.S. 298 (1985), addressed the admissibility of successive, unwarned statements and specifically rejected the application of the Fourth Amendment "fruit of the poisonous tree" doctrine to a *Miranda* analysis. *Seibert*, 542 U.S. at 612, fn. 4. There was no physical evidence seized in *Seibert* or *Elstad*. Thus, a *Seibert* analysis is not applicable to the heroin in this case.

**{¶20}** Nevertheless, the trial court reached the correct overall conclusion. Because the facts in this case are inapposite to *Farris*, the trial court correctly found the heroin is admissible.

**{¶21}** In her reply brief, Ms. Keyser challenges the State's Fourth Amendment arguments by questioning the validity of the inventory search. However, this Court declines to address that issue because Ms. Keyser's sole assignment of error was narrowly tailored to the Self-Incrimination Clause of the Ohio Constitution and Fourth Amendment arguments are not applicable.

**{¶22}** Ms. Keyser's sole assignment of error is overruled.

III.

**{¶23}** Ms. Keyser's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶24} I concur in the majority's judgment; however, I would affirm on the basis that Keyser has forfeited the issue of the suppression of the heroin on appeal.

{¶25} On appeal, Keyser asserts that the heroin discovered in the car should be suppressed as a result of the *Miranda* violations. However, Keyser did not argue that at the trial court level. While Keyser generally alleged in her suppression motion that any and all evidence should be suppressed, at the suppression hearing, Keyser indicated that her motion was limited to two issues: (1) whether there was reasonable suspicion/probable cause sufficient to allow officers to approach and detain her; and (2) whether Keyser's *statements* were taken in violation of *Miranda* and should be suppressed. As Keyser failed to advance the specific argument in the trial court that the heroin should be suppressed based upon the *Miranda* violations, I would conclude that she failed to preserve the issue and cannot now raise it on appeal. *See State v. Nestor*, 9th Dist. Summit No. 27800, 2016-Ohio-1333, ¶ 18 (declining to address an argument for the first time on appeal where defendant did not raise it in the motion to suppress or at the suppression hearing); *State v. Manso*, 9th Dist. Summit No. 26727, 2014-Ohio-1388, ¶ 7 (concluding that, where defendant limited his argument to the basis of the stop at the suppression

hearing, he could not raise the issue of his removal from the vehicle on appeal). Accordingly, I concur in the majority's judgment.

APPEARANCES:

REBECCA M. BLACK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.